IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNA MCHENRY, | No. 4:24-CV-01543 |
| Plaintiff, | (Chief Judge Brann) |
| v. | (Bankruptcy Judge Conway) |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST AS TRUSTEE FOR PNPMS TRUST III and STATEBRIDGE COMPANY, LLC, | |
| Defendants. | |

## ORDER

### DECEMBER 23, 2024

Anna McHenry filed an adversarial proceeding against Defendants; in her amended complaint, she raises seven claims, including one for a determination of post-petition mortgage fees, expenses, and charges pursuant to Federal Rule of Bankruptcy Procedure 3002.1.[1] That claim arose out of an underlying Chapter 13 bankruptcy proceeding wherein a plan was approved that called for a servicer of Wilmington Savings Fund Society, FSB ("WSFS") to receive payment in the amount of $27,026.98 related to a mortgage loan provided to McHenry by WSFS that was secured by McHenry's residence.[2] McHenry has now filed a motion to withdraw the

---

[1] *McHenry v. Wilmington Savings Fund Society, FSB*, No. 4:24-AP-00036-MJC, Doc. 12 (Bankr. M.D. Pa., Aug. 15, 2024).

[2] Doc. 4 at 1-2.

reference to the Bankruptcy Court, arguing that withdrawal is mandatory or, at a minimum, permissive.[3]

In July 2023, Bankruptcy Judge Mark. J. Conway issued a Report and Recommendation recommending that this Court grant the motion to withdraw, but defer withdrawal of the bankruptcy court reference until the matter is ready for trial.[4] Judge Conway reached this recommendation after determining that, while the standard for permissive withdrawal is met here, it would further the interests of judicial economy to leave pretrial matters in the hands of a court that is intimately familiar with the facts and parties underlying the complaint.[5] McHenry filed timely objections to the Report and Recommendation.[6]

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[7] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[8] After reviewing the record, the Court finds no error in Judge

---

[3] Doc. 1.
[4] Doc. 4.
[5] *Id.*
[6] Doc. 5.
[7] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
[8] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

Conway's recommendation that withdrawal be granted, but deferred until the matter is ready for trial.[9] Consequently, **IT IS HEREBY ORDERED** that:

1. Bankruptcy Judge Mark J. Conway's Report and Recommendation (Doc. 4) is **ADOPTED**;

2. McHenry's motion to withdraw the reference to bankruptcy court (Doc. 1) is **GRANTED**, but withdrawal is **DEFERRED** until such time as the underlying proceeding is ready for trial; and

3. The parties shall notify the Court that the underlying proceeding is either ready for trial or has otherwise been resolved within 30 days of the date that such event occurs.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[9] McHenry objects to Bankruptcy Judge Conway's determination that mandatory withdrawal has not been met here. Doc. 5 at 1-4. However, the Court agrees with Judge Conway that "mandatory withdrawal is required only when [underlying] issues require the interpretation, as opposed to mere application, of the non-title 11 statute, or when the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law," neither of which appears to be the case here. *Matter of Vicars Ins. Agency, Inc.*, 96 F.3d 949, 954 (7th Cir. 1996). And while McHenry further argues that permissive withdrawal should be effectuated immediately, Doc. 5 at 4-7, this Court concurs with Judge Conway that judicial efficiency would be promoted by leaving this matter with the Bankruptcy Court until such time as the case is ready to proceed to trial.